JOHN DEN *ex dem* A. G. JOHNSON and R. C. JOHNSON *v.*
WILLIAM MORRIS.

Where a new a trial is ordered and no mention of costs is made in the
rule, or when the costs are ordered "to abide the event of the ·suit," the
party ultimately successful shall recover the costs of the former trial.

The opinion of the Court was delivered by

EWING, C. J. This case is before us at present on an application for the retaxation of costs and has been submitted without argument.

Upon a trial at December Circuit, 1821, a verdict was rendered for the defendant which in November Term, 1822, was set aside and a new trial ordered, but nothing in the rule is said with respect to the costs of the trial. At December Circuit, 1824, a verdict was found for the plaintiff, and judgment rendered at February term, 1825. The clerk allowed in the bill, the costs of the plaintiff at December Circuit, 1821, which the defendant resists.

Upon granting a new trial, the question of costs rests on the sound discretion of the court, and it is to be so resolved as to subserve the purposes of justice. *Justices of Burlington* v. *Fenimore, Coxe* 293.

The new trial is sometimes ordered *upon the payment of costs*, as in *Bright* v. *Eynon*, 1 *Burr.* 390, *Fabrilius* v. *Cock*, 3 *Burr.* 1771. *Den.* v. *Allen*, May term, 1806, *Yard* v. *Carman*, May term, 1807. In such case the party obtaining the order pays to the adverse party the costs of the former trial and cannot recover them although finally successful.

It is sometimes ordered, *without the payment of costs*, as in *Jackson* v. *Duchavre*, 3 *D. and E.* 551, *Goodright* v. *Saul*, 4 *D. and E.* 356, *Vale* v. *Bayle, Cowp.* 294, *Den* v. *Driver*, May term, 1793, *Den.* v. *McPeake*, November term, 1807, *Chamberlin* v. *Letson*, February term, 1819, *State Bank at Elizabeth* v. *Ayres*, May term, 1824. Each party then pays his own costs, which are not recoverable, whatever may be the termination of the suit.

It is sometimes ordered, *with costs to abide the event of the suit*, or *that the costs abide the event of the suit, Hale* v. *Cove*, 1 *Str.* 642, *Townsend* v. *Johnson and others*, November term, 1810, *Wilson* v. *Wilson*, February term, 1822.

In such case, according to the rule of the English courts, if the same party get a second verdict, he shall have the costs of both trials, but if the other .party obtain the second verdict, he will be allowed the costs of the second only and not of the first trial, *Austen* v. *Gibbs, K. B.* 6 *D. and E.* 619, *Howarth* v. *Samuel, C. B.* 1 *Barn. and Ald.* 566. But in this court the uniform understanding of both Bench and Bar, as well as the practice has been consonant with the plain natural import of the words—the costs of the first trial shall abide the event of the suit. Its termination shall decide which of the parties is to recover those costs. So in New York, the party prevailing on the second trial recovers the costs of both, *Carvey* v. *Rider,* 2 *Cowen,* 617.

The rule for setting aside a verdict is sometimes *silent as to costs.* The King's Bench and Common Pleas in England, are then governed by different rules. In the former, the costs of the first trial are never allowed, even though the same party should obtain a second verdict, *Mason* v. *Skurray, Doug.* 437, *Bird* v. *Appleton,* 1 *East.* 111. In the latter court, where the party who succeeded on the first trial obtained a verdict also on the second he is allowed the costs of both trials, but where the opposite party gains the second verdict, he recovers the costs of that trial only, the same rule as prevails in both courts where the costs are ordered to abide the event, *Trelawney* v. *Thomas,* 1 *Hen. Bl.* 641.

In this court the same course has been pursued where the rule has been silent as where it has directed the costs to abide the event. Such, so far as it can be ascertained, is the understanding of the profession. Such, appears from a careful and extensive investigation, to have been the practice. In the case of *The Justices and Freeholders of Burlington* v. *Fenimore,* at September term, 1794, on the application of the plaintiffs a verdict obtained by them at November term, 1793, was set aside for a mistake of the jury in placing one of the sums of which the verdict was to be composed in a wrong column, and no mention of costs was made in the

rule. Upon a second trial a verdict was given for the plaintiffs, who included the costs of both trials in the taxation. This case has almost the weight of an adjudication, for costs were a subject of litigation, the defendant having after the second trial insisted but unsuccessfully that the costs of the first should be paid to him, *Coxe* 293. In *Salter* v. *Kirkbride*, at the circuit the plaintiff was nonsuited. At September term, 1818, this nonsuit was set aside. On a subsequent trial a verdict was rendered for the defendants— and the costs of both trials taxed. In *Strong and Havens* v. *Linn*, on the first trial the plaintiffs obtained a verdict— at February term, 1820, a new trial was ordered—a second verdict was found for the plaintiffs and the costs of both trials recovered.

It may therefore be considered as conformable to principle and too firmly settled to be now shaken, that where the rule makes no mention of costs and where they are ordered to abide the event of the suit, the party ultimately successful shall recover the costs of the former trial. From this rule no inconvenience can result, for as the costs are, as has already been stated in the discretion of the court, such order may always be made as in the opinion of the court, circumstances may require.

The taxation of the clerk should be confirmed.